UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
RUDGAYZER, et al.,

               Plaintiff,                        MEMORANDUM AND ORDER

       - against -                     13 CV 120 (ILG) (RER)

GOOGLE, INC.,

               Defendant.
-----------------------------------------------------x
GLASSER, United States District Judge:

      Plaintiffs Albert Rudgayzer, Michael Amalfitano, and Lillian Ganci ("Plaintiffs")
bring this action against Google, Inc. ("Google"), alleging violations of the Stored
Communications Act ("SCA"), 18 U.S.C. §§ 2701–2712, for purportedly making public
their private information without their consent.

      Two motions are before the court. First, Google has moved to dismiss this action
for improper venue, or in the alternative to transfer it to the Northern District of
California for more convenient venue. Second, Google has moved to dismiss the
complaint for lack of standing and failure to state a claim. Google's venue motion is
GRANTED to the extent it requests dismissal and DENIED as moot to the extent it
requests transfer. Google's motion to dismiss for lack of standing and failure to state a
claim is DENIED as moot.

## BACKGROUND

      The following facts are taken from the Plaintiffs' complaint as well as from
extrinsic documents that the Court may consider in ruling on these motions. See
Serdarevic v. Centex Homes, LLC, 760 F. Supp. 2d 322, 328 (S.D.N.Y. 2010). Google
launched Buzz, a social networking tool, on February 9, 2010. Complaint dated January

1

8, 2013 [Dkt. No. 1] ("Compl.") at ¶ 12. For those Gmail users who had previously created public Google profiles for themselves, Buzz automatically made public a list of people with whom the user had frequently emailed or chatted. Id. at ¶¶ 12, 16, 20. The plaintiffs had Gmail accounts when Buzz was launched, though they do not say whether they had public profiles at that time. Id. at ¶ 23.

On July 30, 2010, a group of named plaintiffs filed a consolidated and amended class-action complaint in the Northern District of California, for a class consisting of all Gmail users, alleging that Buzz violated federal and state privacy laws by making Gmail users' contact lists public without consent. Memorandum in Support of Google's Motion to Dismiss for Failure to State a Claim and Lack of Subject Matter Jurisdiction [Dkt. No. 11-1] ("Def.'s State a Claim Mem.") at Ex. A. All three plaintiffs in this case were part of the putative class in the 2010 case. Compl. at ¶ 1. The parties agreed to settle on September 2, 2010; Google's primary concessions were to make Buzz opt-in rather than opt-out and to pay $8.5 million to nonprofit organizations promoting internet privacy. Def.'s State a Claim Mem. at Ex. B. The district court preliminarily approved the settlement on October 7, 2010, and gave putative class members 60 days to request exclusion. Id. at Ex. C. Rudgayzer successfully excluded himself from the class. Compl. at ¶ 32. Amalfitano's request for exclusion was deemed late, which he attributes to inconsistent deadlines in the settlement agreement and class notice. Id. at ¶¶ 25–29, 34. Ganci did not attempt to exclude herself from the class, but says she would have if she had been aware of inconsistencies between the class notice and settlement agreement regarding the deadline for exclusion, criteria for opting out, and the definition of the class. Id. at ¶¶ 30, 36. One class member challenged the settlement agreement on the

basis of these inconsistencies. Def.'s State a Claim Mem. at Ex. F. The district court rejected the challenge and finally approved the class on June 2, 2011. Id. at Ex. E.

The Plaintiffs filed their complaint in this court on January 8, 2013. Dkt. No. 1. Google filed two motions on February 19, one to dismiss or transfer the action on the basis of improper or inconvenient venue and one to dismiss the complaint for lack of standing and failure to state a claim. Def.'s State a Claim Mem.; Memorandum in Support of Google's Motion to Dismiss or Transfer for Improper Venue [Dkt. No. 12] ("Def.'s Venue Mem."). The Plaintiffs filed responses in opposition to both of Google's motions on June 10. Plaintiffs' Opposition to Defendant's Motion to Dismiss for Failure to State a Claim and Lack of Standing [Dkt. No. 27] ("Pls.' State a Claim Opp'n"); Plaintiffs' Opposition to Defendant's Motion to Dismiss or Transfer for Improper Venue [Dkt. No. 22] ("Pls.' Venue Opp'n"). Google filed replies in support of both of its motions on July 31. Reply in Support of Google's Motion to Dismiss for Failure to State a Claim and Lack of Standing [Dkt. No. 30] ("Def.'s State a Claim Reply"); Reply in Support of Google's Motion to Dismiss or Transfer for Improper Venue [Dkt. No. 29] ("Def.'s Venue Reply").

## DISCUSSION

## I.   Motion to Dismiss or Transfer for Improper or Inconvenient Venue

Google argues that this action should be dismissed under Federal Rule of Civil Procedure 12(b)(3) for contravening a forum-selection clause that sets venue in Santa Clara County, California. Def.'s Venue Mem. at 7–18. The forum-selection clause reads: "You and Google agree to submit to the exclusive jurisdiction of the courts located within the county of Santa Clara, California to resolve any legal matter arising from the Terms." Declaration of Marc S. Crandall in Support of Google's Motion to Dismiss or

Transfer for Improper Venue [Dkt. No. 12-10] ("Crandall Decl.") at Ex. B ¶ 20.7.[1] The agreement also contains a separate choice-of-law clause, which provides that the agreement "shall be governed by the laws of the State of California."  Id.

Google argues in the alternative that transfer to the Northern District of California is appropriate under 28 U.S.C. § 1404(a). Def.'s Venue Mem. at 18–24. Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).

Plaintiffs respond by asserting that Google's forum-selection clause is in fact a venue-selection clause. Pls.' Venue Opp'n at 5–6 (citing Alexander v. Superior Court, 8 Cal.Rptr.3d 111, 13 (Cal. App. 2003). Plaintiffs argue that the clause is therefore invalid, reasoning that under Alexander, venue can only be determined by California's venue laws, CAL. CIV. PROC. CODE § 395.5, and not by a contractual provision. Pls.' Venue Opp'n at 6–11. Plaintiffs do not contest that they agreed to the forum-selection clause, that the clause is reasonable, and that the clause applies their claims in this case. In response to Google's alternative argument, plaintiffs argue that the case should not be transferred under § 1404(a). Id. at 11–16

### a.  Plaintiffs' Arguments Regarding California Law

---

[1] An earlier version of the clause read: "Any claims, legal proceeding or litigation arising in connection with the Service will be brought solely in Santa Clara County, California, and you consent to the jurisdiction of such courts." Id. at Ex. A ¶ 13. It's unclear when the plaintiffs signed up for their Gmail accounts and first agreed to this clause, but it doesn't matter; the earlier version provides that a user would be bound by future changes to the terms, id. at Ex. A, and such contract provisions are enforceable. See TradeComet.com LLC v. Google Inc., 693 F. Supp. 2d 370, 376 (S.D.N.Y. 2010); MySpace, Inc. v. The Globe.com, Inc., No. 06-CV-3391, 2007 U.S. Dist. LEXIS 44143, at *31–32, 2007 WL 1686966, at *10 (C.D. Cal. Feb. 27, 2007). Hence, no matter when plaintiffs signed up for their Gmail accounts, they are bound by the clause in effect at the time that Buzz launched in 2010.

The Court first addresses plaintiffs' argument that the clause is invalid under California law. Plaintiffs contend that the clause is not a forum-selection clause, which is valid in California, but a venue-selection clause, and that it is therefore invalid because venue can only be determined by California's venue laws, CAL. CIV. PROC. CODE § 395.5. Plaintiffs' argument is entirely incorrect.

First, plaintiffs are incorrect that the clause at issue is not a forum-selection clause. <u>See</u> Pls.' Venue Opp'n at 5. California case law does distinguish between forum-selection clauses, which concern the place of jurisdiction, and venue-selection clauses, which concern the specific location within that jurisdiction where a case may be heard. <u>See</u> <u>Alexander v. Superior Court</u>, 8 Cal. Rptr. 3d 111, 113 (Cal. Ct. App. 2003). But the clause here functions as <u>both</u> a venue-selection clause and a forum-selection clause, as it limits litigation to a particular county—a venue—within the state of California—a forum. Plaintiffs assert that "the clauses at issue refer only a [sic] particular county" and not to a particular state, and that the clause therefore only applies "*if* Plaintiffs had brought the action in California." Pls.' Venue Opp'n at 6 (emphasis in original). Plaintiffs are simply wrong. The clause clearly limits all suits to a particular jurisdiction, as it provides for exclusive jurisdiction in Santa Clara County, in the state of California.

Second, plaintiffs are incorrect about the validity of venue-selection clauses under California law. The only relevant limitation on venue-selection clauses is that they may not specify a county outside of those provided for in the state's venue laws. <u>Battaglia Enters., Inc. v. Superior Court</u>, 154 Cal. Rptr. 3d 907, 912–13 (Cal. Ct. App. 2013); <u>Global Packaging, Inc. v. Superior Court</u>, 127 Cal. Rptr. 3d 813, 816 (Cal. Ct. App. 2011). California's venue laws provide that a corporation may be sued in (among other places) the county of the corporation's principal place of business. CAL. CIV. PROC. CODE

§ 395.5. Mountain View, where Google's headquarters are located, is in Santa Clara County. Compl. at ¶ 8. The clause here therefore complies with California's venue laws and so is a valid venue-selection clause under California law.

### b.  Enforceability of the Forum-Selection Clause

As noted supra, the agreement contains a choice-of-law clause, separate from the forum-selection clause, which provides that the agreement "shall be governed by the laws of the State of California." Crandall Decl. at Ex. B ¶ 20.7. A choice-of-law clause governs only substantive law, not procedural law. Phillips v. Audio Active, Ltd., 494 F.3d 378, 384–85 (2d Cir. 2007); see Cronin v. Family Educ. Co., 105 F. Supp. 2d 136, 139 (E.D.N.Y. 2000). Questions of venue and forum are procedural, so the enforceability of the forum-selection clause is governed by federal law. Phillips, 494 F.3d at 384–85; Jones v. Weibrecht, 901 F.2d 17, 19 (2d Cir. 1990); BNY AIS Nominees Ltd. v. Quan, 609 F. Supp. 2d 269, 274 (D. Conn. 2009); Schlessinger v. Holland America, 16 Cal. Rptr. 3d 5, 9 (Cal. Ct. App. 2004). In light of the choice-of-law clause, the Court will look to California law when federal law references state contract law. See Phillips, 494 F.3d at 384–85; Prod. Res. Grp. v. Martin Prof'l, A/S, 907 F. Supp. 2d 401, 409–10 (S.D.N.Y. 2012). See generally RESTATEMENT (SECOND) OF CONFLICT OF LAWS §§ 187, 205 (1971).

### i.  Legal Standard

The standard governing a motion to dismiss on the basis of a forum-selection clause is in flux. A majority of circuits, including the Second Circuit, address the enforceability of a forum-selection clause under one of the subsections of Federal Rule of Civil Procedure 12(b), and apply the holding announced in The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972), that a "forum clause should control absent a strong showing that it should be set aside." See TradeComet.com LLC v. Google, Inc., 647 F.3d

472, 476–77 & n.6 (2d Cir. 2011) (collecting cases); <u>Salovaara v. Jackson Nat'l Life Ins. Co.</u>, 246 F.3d 289, 298–300 (3d Cir. 2001); <u>Security Watch, Inc. v. Sentinel Sys.</u>, 176 F.3d 369, 374–75 (6th Cir. 1999). Last year, however, the Fifth Circuit held that the enforceability of a forum-selection clause should be addressed under 28 U.S.C. § 1404(a), and accordingly that the existence of such a clause was only one factor among many that a court must consider in deciding whether to transfer a case. <u>In re Atl. Marine Constr. Co.</u>, 701 F.3d 736 (5th Cir. 2012). The Fifth Circuit acknowledged that it was siding with a minority of the circuits. <u>Id.</u> at 739; <u>see</u> <u>Kerobo v. Southwestern Clean Fuels, Corp.</u>, 285 F.3d 531 (6th Cir. 2002); <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873 (3d Cir. 1995). The Supreme Court granted a certiorari request in <u>Atlantic Marine Construction</u> and recently heard argument to resolve this circuit split. <u>Cert. granted sub nom. Atl. Marine Constr. Co. v. United States Dist. Court</u>, 133 S. Ct. 1748 (2013). This Court will apply the law that currently controls in the Second Circuit.

In this circuit, an enforceable forum-selection clause is grounds for dismissal for improper venue under Federal Rule of Civil Procedure 12(b)(3). <u>TradeComet.com LLC</u>, 647 F.3d at 278. A forum-selection clause is presumed enforceable if (1) the moving party shows that the clause was reasonably communicated to the party challenging enforcement, (2) the clause is mandatory under state contract law, and (3) the claims and parties involved in the suit are subject to the clause under state contract law. <u>Global Seafood Inc. v. Bantry Bay Mussels Ltd.</u>, 659 F.3d 221, 224 & n.3 (2d Cir. 2011); <u>Phillips</u>, 494 F.3d at 383; <u>Prod. Res. Grp.</u>, 907 F. Supp. 2d at 409. The nonmoving party may rebut this presumption by demonstrating that enforcement would be unreasonable or unjust. <u>Phillips</u>, 494 F.3d at 383–84. Because the parties chose to be bound by California law in their choice-of-law clause, California law applies when federal law

references state contract law. RESTATEMENT (SECOND) OF CONFLICT OF LAWS §§ 187, 205 (1971).

The Court accepts facts alleged in the complaint as true. Zaltz v. JDATE, No. 12-CV-3475, 2013 U.S. Dist. LEXIS 95726, at *10–11, 2013 WL 3369073, at *2 (E.D.N.Y. July 8, 2013). The Court may rely on facts outside of, as well as within, the pleadings when addressing a Rule 12(b)(3) motion. See Altvater Gessler-J.A. Baczewski Int'l (USA) Inc. v. Sobieski Destylarnia S.A., 572 F.3d 86, 89 (2d Cir. 2009); TradeComet.com, LLC, 693 F. Supp. 2d at 375 n.3

### ii. Analysis

The forum-selection clause is enforceable. First, the forum-selection clause was reasonably communicated to the plaintiffs. Google requires all users, after seeing a screen listing the terms or a link to the terms, to agree to the terms of use before creating an email account. Crandall Decl. at ¶ 6 & Ex. B ¶ 2.1. Agreements such as this—that require a user's assent as a prerequisite for using the services and are known as "clickwrap" agreements—are considered reasonably communicated. 5381 Partners, LLC v. Shareasale.com, Inc., No. 12-CV-4263, 2013 U.S. Dist. LEXIS 136003, at *21–22, 2013 WL 5328324, at *6 (E.D.N.Y. Sept. 23, 2013); Person v. Google, Inc., 456 F. Supp. 2d 488, 496–97 (S.D.N.Y. 2006).

Second, the forum-selection clause is plainly mandatory. It states that Santa Clara County is the "exclusive jurisdiction" for bringing actions arising from the agreement. Crandall Decl. at ¶ 5 & Ex. B. ¶ 20.7. The clause therefore requires—rather than simply permits—suits to be brought in the selected forum and venue. Phillips, 494 F.3d at 383; see also Intershop Commc'ns AG v. Superior Court, 127 Cal. Rptr. 2d 847, 850–52 (Cal. Ct. App. 2002) (concluding that language specifying one place for

jurisdiction made clause mandatory); <u>Berg v. Mtc Elec. Techs. Co.</u>, 71 Cal. Rptr. 2d 523,

528–30 (Cal. Ct. App. 1998) (citing cases in which clauses using "shall" or "exclusive"

were considered mandatory).

Third, the claims in this case are within the scope of the clause. The clause

specifies a particular forum and venue for the resolution of "any legal matter arising

from the Terms." Crandall Decl. at Ex. B ¶ 20. California courts read forum-selection

clauses very broadly. In <u>Nedlloyd Lines B.V. v. Superior Court</u>, the Supreme Court of

California held that a choice-of-law clause providing that, "This agreement shall be

governed by and construed in accordance with Hong Kong law," applied not only to

contract disputes but to "all causes of action arising from or related to that agreement,

regardless of how they are characterized, including tortious breaches of duties

emanating from the agreement or the legal relationships it creates." 834 P.2d 1148, 1150,

1153–55 (Cal. 1992). The court explained

> Our conclusion in this regard comports with common sense
> and commercial reality. When a rational businessperson
> enters into an agreement establishing a transaction or
> relationship and provides that disputes arising from the
> agreement shall be governed by the law of an identified
> jurisdiction, the logical conclusion is that he or she intended
> that law to apply to all disputes arising out of the transaction
> or relationship. We seriously doubt that any rational
> businessperson, attempting to provide by contract for an
> efficient and business-like resolution of possible future
> disputes, would intend that the laws of multiple jurisdictions
> would apply to a single controversy having its origin in a
> single, contract-based relationship.

<u>Id.</u> at 1154. The Supreme Court of California later clarified that <u>Nedlloyd</u> applied not

only to agreements between businesses, but also to contracts of adhesion between a

business and a consumer. <u>Washington Mut. Bank v. Superior Court</u>, 15 P.3d 1071, 1079

(Cal. 2001). And the California Appellate Court confirmed that the reasoning in

Nedlloyd applies equally to forum-selection clauses in Cal-State Business Products & Services, Inc. v. Ricoh, 16 Cal. Rptr. 2d 417, 423–24 (Cal. Ct. App. 1993).  Indeed, the court in Nedlloyd had noted that choice-of-law and forum-selection clauses are "closely related." Nedlloyd, 834 P.2d at 1150. In Ricoh, an office-machine dealership sued an office-machine manufacturer for restraint of trade, unfair trade practices, breach of contract, fraud, and negligent misrepresentation, after their business relationship soured. Ricoh, 16 Cal. Rptr. 2d at 421. The Court concluded that a clause requiring that "any case or controversy arising under or in connection with the Agreement" be brought in New York encompassed all of the claims at issue: "The entire gist of the complaint in the present action relates to allegedly false promises made in the course of negotiations . . . and the subsequent conduct of the relationship between the parties created by the contract. All the causes of action are consequently within the scope of the forum-selection clauses." Id. These cases counsel that the forum-selection clause covers plaintiffs' claim of a violation of the SCA. Plaintiffs' claim arises from the parties' "contract-based relationship," and so is governed by the forum-selection clause. See Nedlloyd, 834 P.2d at 1154.

Finally, the plaintiffs have not shown that enforcing the forum-selection clause would be unreasonable or unjust. The plaintiffs failed to contest Google's argument that enforcement of the clause would be reasonable and just, and have accordingly failed to demonstrate that there is any reason to not enforce the clause.

Given the enforceability of the clause, the Court may either dismiss the action, as Google requests, or "if it be in the interest of justice," transfer it to an appropriate court. See 28 U.S.C. § 1406(a). The Court concludes that dismissal is appropriate.[2]

### c.  Transfer Under 28 U.S.C. § 1404(a)

Google has also argued that, in the alternative, the action should be transferred to the Northern District of California under 28 U.S.C. § 1404(a) for the convenience of the parties and in the interest of justice. Mem. at 18–25. Because the court has concluded that the action should be dismissed based on the forum-selection clause, this portion of the motion is DENIED as moot.

## II.  Motion to Dismiss for Lack of Standing and Failure to State a Claim

Google argues that the plaintiffs do not have standing because they failed to allege they were actually injured. Def.'s State a Claim Mem. at 8–10. Google also argues that the plaintiffs did not state a claim because they did not plausibly allege that Google made their information public or that it did so without their consent. Id. at 10–12.

Jurisdictional questions, such as standing, usually must be addressed before merits questions. But a court may bypass jurisdictional questions and dispose of an action on the ground of improper venue if considerations of convenience, fairness, and judicial economy so warrant. Sucampo Pharm., Inc. v. Astellas Pharma, Inc., 471 F.3d 544, 550 (4th Cir. 2006); Magi XXI, Inc. v. Stato della Citta del Vaticano, 818 F. Supp. 2d 597, 620–21 (E.D.N.Y. 2011); see Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.,

---

[2] The "the interest of justice" does not compel transferring this case.  The Second Circuit has made clear that an action should be transferred if it "would be time-barred on refiling in the proper forum." Gonzalez v. Hasty, 651 F.3d 318, 324 (2d Cir. 2011). This reasoning is not controlling here. Although this action would be time-barred if the plaintiffs had to re-file the action, as the two-year statute of limitations passed last year, see 18 U.S.C. § 2707(f), it was also time-barred when it was initially filed in January of this year. The Court will not dismiss the action with prejudice for untimeliness because Google did not raise this affirmative defense and a court is discouraged from raising it sua sponte. See Pino v. Ryan, 49 F.3d 51, 53–54 (2d Cir. 1995).

549 U.S. 422, 432 (2007) (concluding that a court may avoid question of jurisdiction and dispose of action based on forum non conveniens). Here, these considerations counsel in favor of bypassing the question of subject matter jurisdiction and disposing of this case on the basis of improper venue. The issue of venue is completely apart from the merits of the case, whereas Google's contention that the plaintiffs haven't sufficiently alleged actual injury is closely related to the merits of the case (as the caption for their motion suggests). Moreover, Google is entitled to the benefit of the forum-selection clause at the earliest possible moment. Magi XXI, Inc., 818 F. Supp. 2d at 621.

Since this court may avoid deciding the question of standing, and the action is adequately disposed of on the basis of the forum-selection clause, Google's motion to dismiss for lack of standing and failure to state a claim is DENIED as moot.

**III.    Status of Plaintiff Rudgayzer**

Mr. Rudgayzer passed away in May. Suggestion of Death [Dkt. No. 31]. The parties have not addressed whether he may continue to be a party. See United States v. Callard, No. 11-CV-4819, 2013 U.S. Dist. LEXIS 68797, at *11–12, 2013 WL 2022870, at *4 (E.D.N.Y. May 14, 2013). Given the disposition of this case, this Court need not resolve this issue.

**CONCLUSION**

For the foregoing reasons, Google's motion to dismiss or transfer on grounds of venue is GRANTED to the extent it requests dismissal and DENIED to the extent it requests transfer, and Google's motion to dismiss for lack of standing and failure to state a claim is DENIED. Plaintiffs' claims are dismissed without prejudice.

SO ORDERED.

12

Dated:      Brooklyn, New York
              November 14, 2013

                                        /s/
                               I. Leo Glasser
                               Senior United States District Judge